McGREGOR W. SCOTT
United States Attorney
LYNN TRINKA ERNCE
Assistant United States Attorney
501 I Street Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2720
Facsimile:  (916) 554-2900

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA MAGALLANES deVALLE,<br><br>Plaintiff,<br><br>v.<br><br>REBECCA BROCK, MD; DOCTORS MEDICAL CENTER OF MODESTO; GOLDEN VALLEY HEALTH CENTERS MODESTO WOMEN'S HEALTH; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C.§ 2679, 28 U.S.C. §§ 1441, 1442, 42 U.S.C. § 233]** |

TO THE HONORABLE JUDGES OF THIS COURT:

PLEASE TAKE NOTICE that the above-captioned action is hereby removed from Stanislaus Superior Court to the United States District Court pursuant to 28 U.S.C. § 2679, 28 U.S.C. §§ 1441, 1442, and 42 U.S.C. § 233.  The United States of America[1] represents the following:

1.   Federal defendants Rebecca Brock, M.D. and Golden Valley Health Centers-Modesto Women's Health are named in a complaint in a civil action pending in the Superior Court of California, Stanislaus County, entitled *Elisa Magallanes deValle v. Rebecca Brock, M.D., et al.*, Case No. 2026884. A copy of the complaint, which alleges medical malpractice against these defendants, is attached as Exhibit A.

---

[1] The undersigned counsel is making a special appearance only, and by so appearing does not waive personal jurisdiction, the service of process requirements of Rule 4(i) of the Federal Rules of Civil Procedure, or any other defenses available to federal defendants in this action.

NOTICE OF REMOVAL OF CIVIL ACTION [USDC]          1

2. This action is one which the federal defendants are entitled to remove pursuant to 28 U.S.C. § 2679(d)(2), 28 U.S.C. §§ 1441 and 1442, and 42 U.S.C. § 233(c):

    a. Removal is authorized by the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(c), because the amended complaint alleges damages resulting from the performance of medical functions by deemed employees of the Public Health Service acting within the scope of their employment.  At the time of the incidents out of which this suit arose, Rebecca Brock, M.D. and Golden Valley Health Centers-Modesto Women's Health were deemed employees of the Public Health Service pursuant to the FSHCAA, 42 U.S.C. § 233(g), and were acting within the scope of their employment. The certification of employment required for removal under 42 U.S.C. § 233(c), as well as 28 U.S.C. § 2679, is being filed in conjunction with this notice.

    b. Removal is authorized by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq.*, because the FSHCAA makes the FTCA the exclusive remedy for damages resulting from the performance of medical functions by deemed employees of the Public Health Service acting within the scope of such employment.  Federal courts have exclusive jurisdiction over claims arising under the FTCA pursuant to 28 U.S.C. § 1346(b)(1), and removal from state court is specifically authorized by 28 U.S.C. § 2679(d)(2).  *See also* 42 U.S.C. § 233(c).

    c. Under 28 U.S.C. § 2679(b) and 42 U.S.C. § 233(a), (c) & (g), the exclusive remedy for plaintiff's claims is a tort action against the United States as provided by 28 U.S.C. § 1346(b), and not against Public Health Service facilities or their employees.

    d. Pursuant to 28 U.S.C. § 1346(b) and 42 U.S.C. § 233(a), exclusive jurisdiction over such an action lies in the United States District Courts.

    e. 28 U.S.C. § 1441(a) expressly permits the removal of actions over which the United States District Courts have original jurisdiction.

    f. 28 U.S.C. § 1442(a)(1) expressly permits the removal of actions against the United States or federal officers and agencies.

///

///

///

g. Under 28 U.S.C. § 2679(d)(2), an action may be removed "at any time before trial." No trial has yet been had in the state court action, and the United States has not been served.

WHEREFORE, this action is hereby removed to this Court.

McGREGOR W. SCOTT
United States Attorney

Date: January 24, 2018         */s/ Lynn Trinka Ernce*
LYNN TRINKA ERNCE
Assistant United States Attorney

# Exhibit A

Steven L. Saldo, Esq., SBN 116177
Tyler B. Saldo, Esq., SBN 277906
**SALDO LAW GROUP**
1042 Palm Street, Second Floor
San Luis Obispo, California 93401

Telephone   (805) 547-0700
Facsimile   (805) 547-0754

ATTORNEYS FOR PLAINTIFF

FILED

2017 SEP 27 P 1: 49

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY YVETTE HORTA
                    DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF STANISLAUS

ELISA MAGALLANES deVALLE,

   Plaintiff,

   v.

REBECCA BROCK, MD; DOCTORS MEDICAL CENTER OF MODESTO; GOLDEN VALLEY HEALTH CENTERS MODESTO WOMEN'S HEALTH; and DOES 1 to 100, inclusive,

   Defendants.

CASE NUMBER 2 0 2 6 8 8 4

COMPLAINT FOR DAMAGES
1. Medical Negligence

Plaintiff, ELISA MAGALLANES deVALLE, alleges the following:   Plaintiff, ELISA MAGALLANES deVALLE, is and at all times herein mentioned an individual, residing in Modesto, California. Plaintiff, ELISA MAGALLANES deVALLE, was born on April 22, 1967.

### FIRST CAUSE OF ACTION

(Medical Negligence)

By Plaintiff, ELISA MAGALLANES deVALLE, Against All Defendants:

1. The true names and capacities, whether individual, corporate, associate or otherwise of defendants sued herein as DOES 1-100, are unknown to plaintiff at the time of filing of this Complaint, who therefore sue said defendants by such fictitious names.

1

COMPLAINT FOR DAMAGES

2. Plaintiff will ask leave of Court to amend this Complaint to show such true names and capacities of such defendants when the names of such defendants have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is responsible in some manner and liable herein by reason of negligence and other actionable conduct and by such conduct, proximately caused the injuries and damages to plaintiff as hereinafter further alleged.

3. Prior to the commencement of this action, and on June 2, 2017, Plaintiff served notice upon defendants regarding their intention to sue pursuant to the provisions of Code of Civil Procedure Section 364.

4. Plaintiff is informed and believes and thereon alleges, that defendant, REBECCA BROCK, MD, and DOES 1-100, and each of them were and now are physicians and surgeons licensed by the State of California to practice medicine and surgery in said State and further, that each of them hold themselves out as possessing that degree of skill, expertise, learning and ability ordinarily possessed and exercised by other practitioners engaged in health services; in providing services to persons, including Plaintiff, ELISA MAGALLANES deVALLE, under such license.

5. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, Defendant, DOCTORS MEDICAL CENTER OF MODESTO, and DOES 1 to 100, inclusive, and each of them, were and now are public entities, corporations or professional corporations, authorized and licensed to conduct and did conduct, a hospital business or businesses in the State of California to which ill or injured members of the public were invited, including Plaintiff, ELISA MAGALLANES deVALLE, herein.

6. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, Defendant, GOLDEN VALLEY HEALTH CENTERS MODESTO WOMEN'S HEALTH, and DOES 1 to 100, inclusive, and each of them, were and now are public entities, corporations or professional corporations, authorized and licensed to conduct and did conduct, a hospital business or businesses in the State of California to which ill or injured members of the public were invited, including Plaintiff, ELISA MAGALLANES deVALLE,

1 herein.

2  7.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants, DOES 1 - 100, inclusive, and each of them, were or are now corporations, partnerships or other business entities, authorized and licensed to conduct and conducting a medical business or businesses in the State of California, to which ill or injured members of the public were invited, including the plaintiff herein. The exact form of business organization under which said defendants, and each of them, were and are organized and doing business is unknown to the plaintiff at the time of the filing of this complaint and plaintiff will ask leave of Court to amend this complaint when the same shall have been ascertained.

8.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendants, and each of them, were the agents, servants, employees and partners of their co-defendants, and each of them, and, as such, were acting within the course and scope of such agency and employment. Each and every defendant as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant, as its agent, servant, employee and partner.

9.  All of the facts, acts, omissions, events and circumstances herein mentioned and described occurred in the County of Stanislaus, State of California, and the defendants, and each of them, are residents of the County of Stanislaus, State of California, and/or have their principal place of business in said County and State, and/or are legally doing business in said County and State.

10  Each defendant, whether named or designated as a DOE, was the agent, servant and/or employee of each of the remaining defendants. Each defendant acted within the course and scope of said agency, employment and service with the permission, consent and ratification of each of their co-defendants in performing the acts hereinafter alleged, with specificity, that gave rise to plaintiffs' injuries.

11.  On or about June 27, 2016, and prior and subsequent thereto, plaintiff, ELISA MAGALLANES deVALLE, consulted the defendants, and each of them for care and

treatment.

12. On or about June 27, 2016, plaintiff, ELISA MAGALLANES deVALLE, underwent a Total Vaginal Hysterectomy procedure from the defendants, and each of them.

13. On or about June 29, 2016, plaintiff, ELISA MAGALLANES deVALLE, was discharged from the hospital.

14. On or about June 29, 2016, after fours hours of initial discharge plaintiff, ELISA MAGALLANES deVALLE, returns to the emergency department at DOCTORS MEDICAL CENTER OF MODESTO, where she's admitted due to complications arising out of the negligent procedure performed by Defendant, REBECCA BROCK, MD.

15. Defendants, and each of them, so negligently examined and treated plaintiff, ELISA MAGALLANES deVALLE, and operated their premises and equipment, and said corporate or other business entity defendants so negligently selected and reviewed its medical staff, all in a manner which was below the standard of care accepted in the community, as to proximately cause the injuries and damages to the plaintiff as hereinafter alleged.

16. As a proximate result of the conduct of the defendants, and each of them, the plaintiff, ELISA MAGALLANES deVALLE, needed emergency surgery which rendered her sick, sore, lame, disabled and disordered, both internally and externally. In addition, plaintiff received among others so far as they are known, the following personal injuries: permanent colostomy and urine bags, pain and suffering, all causing intense anxiety, emotional distress, insecurity, fear and other distress secondary to the aforementioned injuries and damages; and other internal injuries, the exact nature and extent of which are not known to plaintiff, all to her damage in an amount to be set forth in accordance with Code of Civil Procedure §425.11.

17. In holding themselves out as possessing that degree of skill, knowledge and ability normally exercised by competent physicians and surgeons and health care practitioners in the community, defendants owed plaintiff, ELISA MAGALLANES deVALLE, a legal duty to use care in their respective medical responsibilities and treatment of the

1 plaintiff as their patient.

2   18. In performing the aforesaid medical treatment upon plaintiff, which defendants agreed to and undertook to do for compensation, defendants, and each of them, failed to exercise that degree of skill, ability and learning normally possessed and exercised by competent physicians and surgeons, hospitals, clinics and health care facilities in the said community, thus breaching such legal duty to provide competent care and treatment to plaintiff.

  19. As a direct and proximate result of the defendants, and each of their, breach of duty and failure to adhere to the standard of practice in the community with respect to medical treatment rendered to plaintiff, and to the resulting permanent damage and other damages caused to the person of plaintiff, ELISA MAGALLANES deVALLE, sustained and suffered the following injuries and damages:

  (a) General damage for injuries to plaintiff's body and nervous system, including pain and suffering, emotional distress, insecurity, fear, and mental and physical distress, in a sum in excess of the minimum jurisdiction of this Court, according to proof;

  (b) Hospital, medical and incidental expenses necessarily incurred and to be incurred in the future in an amount according to proof;

  (c) Loss of earnings, according to proof; and

  (d) Future loss of earnings and earning capacity, according to proof.

///
///
///
///
///
///
///
///

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. General and non-economic damages according to proof;
2. Hospital, medical and incidental expenses incurred and expected to be incurred in the future, according to proof;
3. Loss of future earnings and earning capacity, according to proof;
4. Prejudgment interest;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

DATED: September 27, 2017            **SALDO LAW GROUP**

_/s/ Steven L. Saldo_
STEVEN L. SALDO
TYLER B. SALDO
Attorneys for Plaintiffs